## HAYZER v. BEDECS

Ohio Appeals, 8th Dist., Cuyahoga Co.

No 10054.   Decided June 3, 1929

A. A. Meltzen, Esq., for Hayzer.
F. E. Boldizor. Esq., Cleveland, for Bedecs.

VICKERY, PJ.

After hearing the arguments of counsel and after examining this record, we think the court below was right in his conclusions. As we understand the rule that allows liquidated damages, it is only when the damages are **difficult of ascertainment,** that would result from a breach of the contract. Some courts have gone so far as to say not only difficult but impossible to prove, but we prefer to use the phrase "difficult of ascertainment."

Now an examination of this record will show that the properties that were to be exchanged and the value of each could be easily ascertained and the damages would be the difference between the contract price and the market value of the property; and it might be really a benefit for the plaintiff below to have gotten out of his contract. Anyway, we think the court properly construed this phrase in the contract to be a penalty rather than liquidated damages and, when that is conceded or found by the court, the measure of damages is the same as it is in any other case, except that it is limited by the amount fixed in the contract; but there would be no way of ascertaining the damages except from the evidence, and there being no evidence in this case to show any damages, the court might have been technically wrong if there was a breach admitted, for it might have held there were nominal damages; but I suspect the record does not even show that, and we can see no reason why this judgment should be reversed and the same will, therefore, be affirmed.

Sullivan and Levine, JJ., concur.